UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KATHLEEN K.,

                      Plaintiff,                              **DECISION AND ORDER**

          v.
                                                             1:20-CV-1160-EAW
COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
_____

## <u>INTRODUCTION</u>

Represented by counsel, Plaintiff Kathleen K. ("Plaintiff") brings this action pursuant to Title II and Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her applications for supplemental security income ("SSI") and disability insurance benefits ("DIB").  (Dkt. 1).  This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  (Dkt. 12; Dkt. 13).  For the reasons discussed below, the Plaintiff's motion (Dkt. 12) is granted and the Commissioner's motion (Dkt. 13) is denied.

## BACKGROUND

Plaintiff protectively filed her applications for SSI and DIB on October 2, 2017. (Dkt. 11 at 102-03, 183-86).[1]  In her applications, Plaintiff alleged disability beginning September 7, 2017.  (*Id.* at 183).  Plaintiff's applications were initially denied January 24, 2018.  (*Id.* at 74-101).  At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") John Allen on August 5, 2019.  (*Id.* at 44-73).  On September 4, 2019, the ALJ issued an unfavorable decision.  (*Id.* at 19-31).  Plaintiff then requested review by the Appeals Council, which the Council denied on July 1, 2020, making the ALJ's determination the final decision of the Commissioner.  (*Id.* at 5-9).

## LEGAL STANDARD

### I.   District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)

---

[1]     When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

(quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.   Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b).[2] If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

---

[2]     Because the DIB and SSI regulations mirror each other, the Court only cites the DIB regulations. *See Chico v. Schweiker*, 710 F.2d 947, 948 (2d Cir. 1983).

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id*. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e). The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted).

## DISCUSSION

## I.     The ALJ's Decision

In deciding whether Plaintiff was disabled, the ALJ first determined that Plaintiff met the insured status requirements of the Act through December 31, 2021, and then applied the five-step sequential evaluation analysis set forth in 20 C.F.R. § 404.1520. (Dkt.

11 at 21-31).  At step one, the ALJ determined that Plaintiff had not engaged in substantial

gainful work activity since September 7, 2017, the alleged onset date.  (*Id.* at 21).

At step two, the ALJ found that Plaintiff suffered from bipolar disorder, which he

found to be severe, and determined that Plaintiff's obesity and history of thyroid nodule

removal were non-severe impairments.  (*Id*. at 21-22).

At step three, the ALJ determined that Plaintiff did not have an impairment or

combination of impairments that met or medically equaled the severity of any Listing.  (*Id*.

at 22-24).  Before proceeding to step four, the ALJ concluded that Plaintiff retained the

RFC to perform a full range of work at all exertional levels, except that she was limited to

unskilled work with no fast-paced or strictly time-limited tasks.  (*Id*. at 24).  The ALJ also

determined that Plaintiff could tolerate occasional changes in work setting or task

assignment.  (*Id*.).

At step four, the ALJ found that Plaintiff was unable to perform any past relevant

work.  (*Id.* at 29).  He then proceeded to step five, where, relying on the testimony of a

vocational expert ("VE"), the ALJ concluded that there were jobs that existed in significant

numbers in the national economy that Plaintiff could perform, such as the occupations of a

laundry checker, marker, and bench hand.  (*Id.* at 30).  Accordingly, the ALJ determined

that Plaintiff was not disabled from the alleged onset date through the date of his decision.

(*Id.* at 31).

## II.    __Remand of this Matter for Further Proceedings is Necessary__

Plaintiff argues that the ALJ improperly evaluated medical evidence of record,

particularly opinions of her treating psychiatrist Dr. Phillips and consultative examiner Dr.

Schaich, and formulated the RFC that was not supported by the record. (Dkt. 12 at 12-18).

Plaintiff also argues that the ALJ mischaracterized the record and failed to properly

consider her suicidal ideations in his RFC analysis. (*Id.*). Having considered Plaintiff's

arguments, the Court agrees that the ALJ erred in his review of the medical opinion

evidence and remands the matter for further proceedings.[3]

Under recent amendments to the Social Security regulations related to the evaluation

of medical evidence for disability claims filed after March 27, 2017, an ALJ is no longer

required to "defer or give any specific evidentiary weight, including controlling weight, to

any medical opinion(s) or prior administrative finding(s), including those from [the

claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Instead, the regulations provide

that the ALJ "will articulate in [his or her] determination or decision how persuasive [he

or she] find[s] all of the medical opinions and all prior administrative medical findings" in

claimant's record based on the following five factors: supportability; consistency;

relationship with the claimant; specialization; and other factors. *Id.* § 404.1520c(b) & (c).

The source of the opinion is not the most important factor in evaluating its persuasive value.

---

[3]     The Court notes that Plaintiff did not argue that the ALJ erred in evaluating the
medical opinion evidence under the standard set forth by the amended regulations
discussed below, and that it was the Commissioner who addressed the ALJ's failure to do
so in her brief. (Dkt. 12; Dkt. 13-1 at 11-12). Regardless, the Court has undertaken to
review the ALJ's decision in light of current standards and finds that remand for further
proceedings is warranted. *See Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)
("Where an error of law has been made that might have affected the disposition of the case,
this court cannot fulfill its statutory and constitutional duty to review the decision of the
administrative agency by simply deferring to the factual findings of the ALJ.").

*Id.* § 404.1520c(b)(2). Rather, the most important factors in evaluating persuasiveness are supportability and consistency. *Id.*

With respect to "supportability," the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(1). As to "consistency," the regulations provide that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(2). "Both supportability and consistency in part require comparison of the medical opinions with other medical sources." *Mark K. v. Comm'r of Soc. Sec.*, No. 20-CV-833S, 2021 WL 4220621, at *4 (W.D.N.Y. Sept. 16, 2021).

"Although the new regulations eliminate the perceived hierarchy of medical sources, deference to specific medical opinions, and assigning 'weight' to a medical opinion, the ALJ must still articulate how [he or she] considered the medical opinions and how persuasive [he or she] find[s] all of the medical opinions." *Jacqueline L. v. Comm'r of Soc. Sec.*, 515 F. Supp. 3d 2, 8 (W.D.N.Y. 2021) (internal citation omitted). Specifically, the ALJ must explain how he considered the supportability and consistency factors, and may, but is not required to, consider the three remaining factors. 20 C.F.R. § 404.1520c(b)(2). "Even though ALJs are no longer directed to afford controlling weight to treating source opinions—no matter how well supported and consistent with the record

- 7 -

they may be—the regulations still recognize the 'foundational nature' of the observations of treating sources, and 'consistency with those observations is a factor in determining the value of any [treating source's] opinion.'" *Shawn H. v. Comm'r of Soc. Sec.*, No. 2:19-CV-113, 2020 WL 3969879, at *6 (D. Vt. July 14, 2020) (alteration in original) (internal citations omitted).

In the instant matter, Plaintiff's applications for benefits are governed by the amended regulations because they were filed after March 27, 2017. As such, the ALJ was required to conduct his evaluation of the medical opinion evidence in accordance with the standard set forth by the amended regulations. Yet, nowhere in his decision did the ALJ discuss the supportability and consistency factors of the medical opinions of record, or consider any other factors to determine the persuasiveness of the opinions of Plaintiff's treating and examining physicians. *Howard D. v. Saul*, No. 5:19-CV-01615 (BKS), 2021 WL 1152834, at *12 (N.D.N.Y. Mar. 26, 2021) ("courts have remanded where an ALJ did not adhere to the [new] regulations") (collecting cases).

To be clear, an ALJ's failure to use the words "supportability" and "consistency" in his or her analysis does not always warrant remand, particularly where, unlike here, the ALJ expressly relies on the proper regulations and demonstrates the consideration of both factors in the decision. *See John W. v. Kijakazi*, No. 5:20-cv-01180 (BKS), 2022 WL 768672, at *13 (N.D.N.Y. Mar. 14, 2022) (citation omitted); *see also Warren I. v. Comm'r of Soc. Sec.*, No. 5:20-CV-495 (ATB), 2021 WL 860506, at *6 (N.D.N.Y. Mar. 8, 2021) ("Absent any specific guidance from the Second Circuit to the contrary, this court does not go so far to find that an ALJ's assignment of evidentiary weight to a medical opinion in a

claim filed after March 27, 2017, by itself, renders the decision legally insufficient. However, the court is less inclined to excuse an ALJ's failure to discuss the persuasiveness of a medical opinion in any specific detail . . . ."). However here, even though the ALJ cited the amended regulations in the decision, his analysis was flawed because he did not explicitly discuss the supportability and consistency factors when he considered the medical opinions, and instead, assigned them various degrees of weight as he would have done had Plaintiff's claims been filed prior to March 27, 2017. (Dkt. 11 at 28).

Specifically, the ALJ analyzed the opinions of Plaintiff's treating psychiatrist Dr. Phillips, consultative examiner Dr. Schaich, and non-examining physician Dr. Kleinerman, and assigned them either "partial" or "little" weight. (Dkt. 11 at 28-29). The Court will address each opinion in turn.

## A. Treating Psychiatrist Dr. Phillips

The record demonstrates that Dr. Phillips treated Plaintiff's major depressive disorder, PTSD, and bipolar disorder from 2015 until 2019. (Dkt. 11 at 268-86, 346-67, 533-95). Even though Plaintiff often exhibited intact memory, clear speech, and good eye contact during treatment, Dr. Phillips frequently noted Plaintiff's depressed and anxious mood, fair attention and concentration, mood swings, spontaneous speech, racing thoughts, and impulsive judgment, and discussed Plaintiff having interpersonal problems, feelings of depression, anxiety, frustration, frequent suicidal ideations, or suicide attempts. (*Id.*). On June 13, 2019, Dr. Phillips opined that due to Plaintiff's PTSD and bipolar disorder, fair attention and concentration, periodic suicidal ideations, and consistent depression, Plaintiff would be unable to meet competitive standards of employment, *i.e.*, would have a

noticeable difficultly from 21 to 40 percent of the workday, in her ability to maintain attention for two-hour segment, regular attendance, be punctual, sustain an ordinary routine, complete a normal workday, get along with coworkers or peers, respond appropriately to changes in a routine, and deal with normal work stress. (*Id*. at 597-02). Dr. Phillips also opined that Plaintiff was seriously limited, *i.e*., between 11 to 20 percent of the workday, in her abilities to understand, remember, and carry out very short and simple instructions, work in coordination or proximity to others, accept instructions and respond to criticism from supervisors, interact with the general public, maintain socially appropriate behavior, and travel to unfamiliar places. (*Id*.). Dr. Phillips further opined that because of her symptoms, Plaintiff would be off-task 25% or more, and absent more than four days per month. (*Id*.). The ALJ afforded little weight to this opinion. (*Id.* at 28).

### B.  Consultative Examiner Dr. Schaich

On November 29, 2017, Dr. Schaich conducted a psychiatric evaluation of Plaintiff, and opined that Plaintiff was moderately limited in her ability to use reason and judgment, interact with supervisors, coworkers, and the public, sustain concentration, ordinary routine, regular attendance, regulate emotions, control behavior, and maintain well-being. (*Id*. at 377). During the examination, Dr. Schaich noted that Plaintiff had anxious mood, labile affect, inappropriate speech and thought content, and poor judgment, and opined that Plaintiff's ultimate prognosis was guarded. (*Id*. at 376-78). The ALJ afforded partial weight to Dr. Schaich's opinion. (*Id*. at 28).

### C.  Non-Examining Physician Dr. Kleinerman

On January 16, 2018, Dr. Kleinerman reviewed Plaintiff's psychiatric records, and opined that she was moderately limited in her ability to carry out detailed instructions, work in coordination with others, complete a normal workday without interruptions from her symptoms, accept instructions, respond to criticism, get along with coworkers or peers, and respond to changes in the work setting.  (*Id*. at 74-99).  He also opined that Plaintiff had the capacity to engage in simple tasks in low social contact setting.  (*Id*. at 389).  The ALJ provided Dr. Kleinerman's opinion little weight.  (*Id*. at 28).

### D.  The ALJ's Evaluation of the Medical Opinion Evidence

While "many of the factors to be considered in weighing the various medical opinions in a given claimant's medical history are substantially similar" to the factors to be applied pursuant to the new regulations, *Raymond M. v. Comm'r of Soc. Sec*., No. 5:19-CV-1313 (ATB), 2021 WL 706645, at *9 (N.D.N.Y. Feb. 22, 2021), the amended regulations, nevertheless, require the ALJ's explicit consideration of the supportability and consistency factors.  20 C.F.R. § 404.1520c(b)(2) (the ALJ is specifically required to "explain how [he or she] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings"); *see also Warren I.*, 2021 WL 860506, at *6 ("Regardless of any allusion to the old regulations, an evaluation of the medical opinion evidence which sufficiently comports with the essence of the new regulations, and in particular sets forth a sufficient explanation of the ALJ's consideration of the supportability and consistency factors, should withstand judicial scrutiny.").

- 11 -

The Commissioner argues that the ALJ's analysis of both factors, though implicit, was proper, and that any error in the ALJ's evaluation of the opinion evidence was harmless. (Dkt. 13-1 at 11-12 n.9). The Court disagrees. "At their most basic, the amended regulations require that the ALJ explain [his] findings regarding the supportability and consistency for each of the medical opinions, 'pointing to specific evidence in the record supporting those findings.'" *Raymond M.*, 2021 WL 706645, at *8 (citation omitted). Here, the ALJ's analysis of the three medical opinions was insufficient to satisfy his obligation under the new regulations because not only did he fail to adequately discuss the persuasive value of the opinions of Dr. Phillips, Dr. Schaich, and Dr. Kleinerman, but he also failed to engage in an explicit analysis of the supportability and consistency of each opinion as he was required to under 20 C.F.R. § 404.1520c(b)(2).

Specifically, the ALJ's evaluation of Dr. Schaich's opinion comprised only three sentences, in which he briefly recited Dr. Schaich's findings about Plaintiff's moderate limitations in various work-related abilities, and noted the general consistency of the opinion with "his moderately adverse findings, including anxious mood, limited fund of information, and poor judgment." (Dkt. 11 at 28). Even if the Court were to find this generalized statement sufficient to satisfy the ALJ's obligation with respect to the supportability factor, the ALJ's analysis was still flawed because it completely lacked any discussion related to the consistency of Dr. Schaich's findings with the other medical evidence of record. *Cuevas v. Comm'r of Soc. Sec.*, No. 20-CV-0502(AJN)(KHP), 2021 WL 363682, at *10 (S.D.N.Y. Jan. 29, 2021) ("[C]onsistency is an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire

record, not just what a medical source had available to them.").  Additionally, the ALJ's generalized review of the opinion leaves questions as to the exact findings of Dr. Schaich that the ALJ credited to formulate Plaintiff's RFC, which was particularly important in light of Dr. Schaich's opinion that Plaintiff was limited in her ability to interact with others, maintain ordinary routine and attendance, regulate emotions, and make work-related decisions. (Dkt. 11 at 377).

The ALJ's discussion of Dr. Phillips' opinion is equally wanting even though he provided a more thorough analysis of her findings.  (*Id*. at 28).  The ALJ recited Dr. Phillips' conclusions regarding Plaintiff's inability to meet competitive standards of employment in maintaining attention for a two-hour segment and regular attendance, sustaining a routine, getting along with coworkers, and responding to stress, and noted Plaintiff's "serious" limitations in various other domains identified by Dr. Phillips.  (*Id*.). When discussing Dr. Phillips' findings about Plaintiff's off-task limitations and absenteeism, the ALJ noted that these findings were speculative and "unsupported by the claimant's medical and work history," yet failed to point out exactly which of Plaintiff's medical or work records contradicted Dr. Phillips' conclusions.  *See Brianne S. v. Comm'r of Soc. Sec*., No. 19-CV-1718-FPG, 2021 WL 856909, at *5 (W.D.N.Y. Mar. 8, 2021) ("Where an ALJ "merely states" that an examining physician's opinion is 'not consistent with[ ] the overall medical evidence,' he has failed to adequately explain his conclusions regarding the consistency factor.");  *see also Raymond M*., 2021 WL 706645, at *10 (the ALJ inadequately explained her conclusions regarding supportability and consistency when she stated that medical opinions were speculative and inconsistent with the overall

record, treatment notes, and plaintiff's own statements reporting improvement with medication).

The ALJ also determined that Dr. Phillips' findings of Plaintiff's fair attention and concentration, depressed mood, and periodic suicidal ideations were "weak support" for the marked limitations she identified. (Dkt. 11 at 28). This conclusion inaccurately represents Dr. Phillips' entire medical opinion. Even though she opined that Plaintiff would have *marked* limitations in her activities of daily living, Dr. Phillips also indicated that due to Plaintiff's fair attention span and concentration, as well as her ongoing depression and suicidal ideations, Plaintiff would be *moderately* limited in her ability to maintain social functioning, concentration, persistence, or pace, and would have more than four episodes of decompensation within a 12-month period. (*Id*. at 601). Even if the ALJ disagreed with Dr. Phillips' conclusions that Plaintiff's impairments could amount to the marked limitations in her ability to perform daily activities, these findings, nevertheless, provided sufficient support for Plaintiff's moderate limitations in all other functional domains identified by Dr. Phillips. Therefore, the ALJ's selective reading of Dr. Phillips' opinion not only led to the wrong conclusion about the support that Dr. Phillips' clinical findings provided for her opinion, but also disregarded the other findings about Plaintiff's inability to meet competitive standards of employment in all other functional domains. *See Prieto v. Comm'r of Soc. Sec.*, No. 20-CV-3941 (RWL), 2021 WL 3475625, at *14 (S.D.N.Y. Aug. 6, 2021) ("The ALJ's selective and unexplained weighting of the medical opinions [violated] the principle against cherry-picking . . . [,] [which] without proper analysis of the supportability and consistency factors, is ground for remand.").

Moreover, the ALJ did not reconcile Dr. Phillips' findings about Plaintiff's inability to get along with coworkers and her limited ability to interact with others in the RFC analysis.  (Dkt. 11 at 599).  This was important because of the opinions of Dr. Schaich and Dr. Kleinerman, both of whom reached a similar conclusion differing only as to degree of Plaintiff's limitations.  *See Ingrid T.G. v. Comm'r of Soc. Sec.*, No. 1:20-CV-5651-GRJ, 2022 WL 683034, at *8-9 (S.D.N.Y. Mar. 8, 2022) (the ALJ failed to adequately account for the consistency of the treating opinions with each other when she considered each opinion in isolation).  The ALJ's failure to consider Dr. Phillips' findings about Plaintiff's inability to interact with others was particular noteworthy because these limitations conflicted with the RFC, which did not limit Plaintiff's interaction with others, and would be work preclusive based on the testimony of the vocational expert.  (Dkt. 11 at 70-72); *see Pines v. Comm'r of Soc. Sec.*, No. 13-CV-6850 (AJN) (FM), 2015 WL 872105, at *10 (S.D.N.Y. Mar. 2, 2015) (ALJ's analysis of treating physician's opinion was not harmless error because VE "essentially testified that if these opinions were adopted, [the claimant] would be unable to work") (internal citations omitted).

The ALJ's consideration of Dr. Kleinerman's opinion is equally problematic because he failed to reconcile Dr. Kleinerman's findings that Plaintiff was limited to jobs with low contact social setting with the other medical opinions and the existing RFC.  *See Darla W. v. Comm'r of Soc. Sec.*, No. 5:20-cv-1085 (TWD), 2021 WL 5903286, at *9 (N.D.N.Y. Dec. 14, 2021) ("The consistency factor does not measure whether a medical opinion is consistent with a single other medical opinion—it measures whether the medical

opinion is consistent with *all* medical and nonmedical evidence in a claim.") (emphasis in the original).

Therefore, because the ALJ failed to properly analyze the persuasiveness of the opinion evidence of record in his decision, and failed to explicitly consider the supportability and consistency factors when evaluating each opinion, the Court's ability to decide whether the ALJ's disability determination was supported by substantial evidence is frustrated. *See Warren I.*, 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021). Accordingly, remand for further proceeding is required. On remand, the ALJ should apply the correct legal standard to his analysis and formulate Plaintiff's RFC in accordance with the standard set forth by the amended regulations.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 12) is granted to the extent that the matter is remanded for further proceedings, and the Commissioner's motion for judgment on the pleadings (Dkt. 13) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:       April 4, 2022
             Rochester, New York

- 16 -